**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LANIS EDDINGTON and
ALL OCCUPANTS,

    Plaintiff,

v.

FANNIE MAE, MERS, TROTT & TROTT,
and CHASE,

    Defendants.
_____/

Case No. 11-CV-15247-DT

HONORABLE DENISE PAGE HOOD

**ORDER GRANTING MOTION TO DISMISS**
**and**
**ORDER DISMISSING ACTION**

**I.    BACKGROUND**

This matter was removed from the Oakland County Circuit Court, State of Michigan on November 29, 2011. Plaintiffs Lanis Eddington ("Eddington") and All Occupants of 28645 Castlegate Dr., Southfield, Michigan, filed a Complaint on November 9, 2011 against Defendants Fannie Mae, MERS, Trott & Trott and Chase alleging: Count I Breach of Agreement; Count III Fraud in the Factum; and Count IV Non-Bona Fide Signatures and Original Promissory Note.[1]

The Complaint alleges that Eddington has a fee simple interest in the property at issue. (Comp., ¶ 4) Eddington asserts that Defendants alleged mortgage is not recorded with the Oakland County Register of Deeds. (Comp., ¶ 5) He claims that Defendants' alleged lien against the property should be canceled and Eddington's title restored. (Comp., ¶ 6) Eddington asserts that Fannie Mae, acting as the bank, used the promissory note to engage in a criminal act by giving

---

[1] The Complaint does not set forth a Count II claim.

Eddington illegal consideration, breaching the agreement and failing to record the promissory note as a deposit as determined by the General Accepted Accounting Practices. (Comp., ¶ 14) Eddington claims that Defendants have refused to inform Eddington who is the real note holder and who is the lawful servicer. (Comp., ¶ 19) Eddington states that Defendants have received mortgage payments and have produced a negative credit rating on Eddington's credit file. (Comp., ¶ 22) Eddington asserts that lawful money is defined in the U.S. Constitution as coin only. (Comp., ¶¶ 23-24) Eddington states that Defendants do not possess a promissory note with Eddington's original signature and that a copy of the note is not sufficient. (Comp., ¶¶ 27-28) Eddington claims that Chase approved and later denied access to negotiate a fair modification. (Comp., ¶ 32)

On December 6, 2011, Defendants Chase, Fannie Mae and MERS filed a Motion to Dismiss. Defendant Trott & Trott filed a Notice of Joinder and Concurrence to the Motion to Dismiss. To date, no response to the motion has been filed by Eddington. Eddington did not appear at oral argument.

## II.     ANALYSIS

### A.     Standard of Review

Defendants filed the Motion to Dismiss under Rule 12(b)(6) of the Rules of Civil Procedures asserting that the Complaint fails to state a claim upon which relief may be granted and fails to conform to the pleading requirements under Rules 8 and 9(b).

Rule 12(b)(6) of the Rules of Civil Procedure provides for a motion to dismiss based on failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,

2

and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted). Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation." *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1951, 173 L.Ed.2d 868 (2009). In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content" and the reasonable inferences from that content, must be "plausibly suggestive" of a claim entitling a plaintiff to relief. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show [n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College,*

3

259 F.3d 493, 502 (6th Cir. 2001).

Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). A *pro se* litigant "must conduct enough investigation to draft pleadings that meet the requirements of the federal rules." *Burnett v. Grattan,* 468 U.S. 42, 50 (1984).

### B. Breach of Contract Claim, Count I

Defendants argue that Eddington's allegations in the Breach of Contract Claim in Count I are barred because the mortgage has been foreclosed and the redemption period has expired.

In Michigan, once the redemption period following foreclosure of a parcel of real property has expired, the former owners' rights in and title to the property are extinguished. *Reid v. Rylander,* 270 Mich. 263, 267 (1935); *Piotrowski v. State Land Office Bd.,* 302 Mich. 179, 187 (1942); *Overton v. Mortgage Electronic Registration Systems,* 2009 WL 1507342, *1 (Mich. App. 2009)(unpublished); and *Jackson v. Laker Group, L.L.C.,* 2005 WL 2901787 (Mich. App. Nov. 3, 2005)(unpublished).

Eddington and Charter One Mortgage entered into a loan agreement in the amount of $270,000 evidenced by a note dated March 26, 2003 and secured by a mortgage against the property on Castlegate Drive, Southfield, Michigan. The mortgage and note were assigned to JP Morgan Chase Bank, NA on August 30, 2006 and again assigned to Chase Home Finance, LLC on July 8, 2010. Chase Home Finance, LLC foreclosed the mortgage by advertisement and a sheriff's sale was held on September 14, 2010 at which time Fannie Mae purchased the property. A Sheriff's Deed was issued on September 14, 2010. The redemption period ended on March 14, 2011. Eddington filed the instant suit before the Oakland County Circuit Court on November 9, 2011.

Defendants have properly supported their argument that the redemption period has expired in this case. Eddington and others lack standing to pursue a breach of contract claim based on the note and mortgage at issue.

### C.     Fraud in the Factum, Count III

Defendants move to dismiss Count III, the Fraud in the Factum claim, asserting that the fraud claim is time-barred and fails to meet the requirements in Rule 9(b) of the Rules of Civil Procedure. The statute of limitations for fraud claims in Michigan is six years. M.C.L. § 600.5813. The loan agreement and related documents in this case were executed on March 26, 2003. The lawsuit was filed on November 9, 2011, beyond the six years statute of limitations for fraud. The fraud claim is time-barred.

Alternatively, Defendants argue that Eddington failed to specifically allege a fraud claim under Rule 9(b). Rule 9(b) of the Rules of Civil Procedure provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To meet this requirement, the complaint must: 1) specify the statements that the plaintiff contends were fraudulent; 2) identify the speaker; 3) state where and when the statements were made; and 4) explain why the statements were fraudulent." *Louisiana School Employees' Retirement System v. Ernst & Young,* 622 F.3d 471, 478 (6th Cir. 2010).

Liberally construing the Complaint shows that Eddington failed to specify the statements made by Defendants that constitute fraud. Eddington also failed to identify the speaker and where and when the statements were made or why the statements were fraudulent. The fraud claim must be dismissed under Rule 9(b).

### D.     Non-Bona Fide Signatures and Original Promissory Note, Count IV

5

Defendants move to dismiss this claim arguing that nothing in Michigan's foreclosure statute, M.C.L. § 600.3204, require that the original notes with signatures must be disclosed prior to foreclosure. This Court's review of the statute does not show that an original of the notes and related documents is required to be disclosed prior to a party instituting a foreclosure action. Count IV fails to state a claim upon which relief may be granted.

### E.   Trott & Trott and MERS

Eddington claims that Trott & Trott is trying to evict Eddington using MERS to unlawfully foreclose where in fact the Court of Appeals ruled against MERS being able to foreclosure.

Eddington appears to cite the *Saurman* case in the Complaint. *Residential Funding Co., L.L.C. v. Saurman,* 2011 WL 1516819 (April 21, 2011). *Saurman* involved the issue of whether MERS had the authority to foreclose by advertisement under M.C.L. § 600.3204(1)(d). The Michigan Court of Appeals held that MERS, who foreclosed by advertisement, was not permitted to do so because it did not have legal or equitable ownership rights in the debt secured by the mortgage in that case. *Saurman,* 2011 WL 1516819 *at 5.* In this case, MERS is not the foreclosing party, therefore, *Saurman* is not applicable. In addition, the Michigan Supreme Court recently reversed the Michigan Court of Appeals' decision finding that the appellate court "erroneously construed" M.C.L. § 600.3204(1)(d). *Residential Funding Co., L.L.C. v. Saurman,* 2011 WL 5588929, *1 (Mich. Nov. 16, 2011). The Michigan Supreme Court clarified MERS' status under M.C.L. 600.3204(1)(d), holding that MERS' "interest in the indebtedness–i.e., the ownership of legal title to a security lien whose existence is wholly contingent on the satisfaction of the indebtedness–authorized MERS to foreclose by advertisement under MCL 600.3204(1)(d)." *Id.*

Trott & Trott must be dismissed as well since the Complaint does not allege any specific

facts or cause of action against the firm. Trott & Trott was the law firm retained by the foreclosing party to institute the foreclosure action. Trott & Trott claims that as counsel for the adverse party, it owes no fiduciary to Eddington in this matter and cannot be held liable for proceeding with the foreclosure action at its client's direction. The Court finds that Eddington failed to state a claim upon which relief may be granted against Trott & Trott as opposing counsel in the foreclosure action.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Motion to Dismiss filed by Defendants Fannie Mae, MERS, Trott & Trott and Chase **(Doc. No. 6, filed December 6, 2011)** is GRANTED.

IT IS FURTHER ORDERED that the Joinder to the Motion by Trott & Trott **(Doc. No. 10)** is GRANTED.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: February 29, 2012

I hereby certify that a copy of the foregoing document was served upon Lanis Eddington, 28645 Castlegate Drive, Southfield, MI 48034, All Occupants, 28645 Castlegate Drive, Southfield, MI 48034 and counsel of record on February 29, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager